# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JASON P. HINZO,

    Petitioner,

v.                                                                              No. 1:17-cv-1049 WJ-CG

GERMAN FRANCO, *Warden*

    Respondent.

## MEMORANDUM OPINION AND ORDER
## DISMISSING HABEAS PETITION

Before the Court is Jason Hinzo's Petition for Writ of Habeas Corpus (Doc. 1) filed October 19, 2017. Hinzo is incarcerated and appears *pro se*. He asks the Court to modify his state court sentence to reflect earned good-time credits. Having reviewed the record, arguments, and relevant law, the Court will dismiss the Petition but grant leave to amend certain claims.

## BACKGROUND

On May 25, 2007, Hinzo was convicted by a jury of aggravated assault on a peace officer and possession of narcotics in New Mexico's Third Judicial District Court, case no. D-307-CR-2006-01405. The state court sentenced him to twenty years imprisonment, followed by a two year term of parole. Judgment on the conviction and sentence was entered on August 28, 2007. Hinzo filed a direct appeal and sought state habeas relief, but he was ultimately unsuccessful.

In 2013, Hinzo filed a federal 28 U.S.C. § 2254 petition claiming ineffective assistance of counsel, due process violations, and improper sentence enhancements. (Doc. 1 in 1:13-cv-228

LH-SMV). The Court (Hon. C. Leroy Hansen) dismissed the § 2254 petition as untimely. (Docs. 28 and 29 in 1:13-cv-228 LH-SMV). Hinzo now brings a new habeas petition asking that his state court "judgment and sentence be corrected concerning parole, to allow for proper credit of earned good time." (Doc. 1, p. 2). He also appears to argue that Warden German Franco incorrectly calculated his good time credits under N.M.S.A. 1978 § 33-2-34.

## DISCUSSION

It is difficult to tell whether Hinzo is challenging the validity of his sentence pursuant to 28 U.S.C. § 2254 or attacking its execution under 28 U.S.C. § 2241. To the extent Hinzo again seeks to disturb the conviction or sentence under § 2254, the Court cannot grant any relief. A "district court ha[s] no jurisdiction to decide [a] successive § 2254 petition without authority from the court of appeals." *Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (citing 28 U.S.C. § 2244(b)(3)(A)). When a successive § 2254 petition is filed without such authority, the district court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008). Factors to consider in evaluating the proper course of action include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.

The Court already determined that, because judgment on Hinzo's conviction was entered in 2007, his § 2254 claims are time-barred. His instant § 2254 petition does not provide grounds to restart the clock, such as a new rule of constitutional law or newly discovered facts that

2

demonstrate innocence by clear and convincing evidence. *See* 28 U.S.C. § 2244(b)(2). The Court will therefore dismiss any § 2254 claims for lack of jurisdiction and deny a certificate of appealability.

To the extent Hinzo challenges the execution of his sentence under § 2241, the current petition is also insufficient to justify relief. It is unclear why Hinzo believes Warden Franco miscalculated his good time credits or whether the warden is even the proper Respondent. The petition reflects Hinzo is confined at the Penitentiary of New Mexico, while his address reflects he is housed at the Mike Durfee State Prison in South Dakota. Hinzo must clarify this apparent discrepancy, since litigation under § 2241 must be brought in the district with jurisdiction over the prisoner's current custodian. *See Rumsfeld v. Padilla,* 542 U.S. 426, 436 (2004).

The Court will allow Hinzo an opportunity to file an amended § 2241 petition on the proper form, if he wishes to pursue such relief. Hinzo must also either prepay the $5.00 filing fee for a § 2241 action or file an application to proceed *in forma pauperis*. If Hinzo fails to timely amend and address the filing fee within thirty (30) days of entry of this Memorandum Opinion and Order, the Court will dismiss the case without further notice.

It is **THEREFORE ORDERED** that to the extent Hinzo's habeas petition raises any claims under 28 U.S.C. § 2254, such claims are **DISMISSED** without prejudice for lack of jurisdiction; and a certificate of appealability is **DENIED**.

It is **FURTHER ORDERED** that the remainder of the habeas petition is **DISMISSED**; but Hinzo is granted **thirty (30) days to file an amended petition** under 28 U.S.C. § 2241 on the Court's official form and either prepay the $5.00 filing fee, or alternatively, file an application to proceed *in forma pauperis*.

It is **FURTHER ORDERED** that the Clerk's Office is directed to mail to Hinzo, together

with a copy of this Order, two copies of the form Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus and form Application to Proceed in District Court Without Prepaying Fees or Costs.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE