IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

JASON P. HINZO,

    Petitioner,

v.                                                                             No. 1:17-cv-1049 WJ-CG

GERMAN FRANCO, *Warden*

    Respondent.

## MEMORANDUM OPINION AND ORDER
## DISMISSING HABEAS PETITION

Before the Court is Jason Hinzo's Amended Petition for Writ of Habeas Corpus (Doc. 4). Also before the Court are Hinzo's motions to proceed *in forma pauperis* and for an expedited/ summary disposition (Docs. 5, 7, 9, and 11). Hinzo asks the Court to modify his term of parole and/or direct his former warden to reimburse earned good-time credits. Based on Hinzo's financial information, the Court finds he lacks sufficient funds to pay the filing fee and will grant the *in formal pauperis* motion (Doc. 5). *See* 28 U.S.C. § 1915(a). However, having reviewed the amended petition under Habeas Corpus Rule 4, the Court will dismiss this action without prejudice.

Hinzo is serving a twenty-year sentence for aggravated assault on a peace officer and possession of narcotics. The state court entered judgment on the conviction and sentence on August 28, 2007. Hinzo filed a direct appeal and sought state habeas relief, but he was ultimately unsuccessful. In 2013, Hinzo filed a federal 28 U.S.C. § 2254 petition claiming ineffective assistance of counsel, due process violations, and improper sentence enhancements. (Doc. 1 in 1:13-cv-228 LH-SMV). The Court (Hon. C. Leroy Hansen) dismissed the § 2254

petition as untimely.

In late 2017, Hinzo filed another habeas petition. The form did not indicate whether he wished to proceed under 28 U.S.C. §§ 2254 or 2241. He asked the Court to correct his "judgment and sentence … concerning parole, to allow for proper credit of earned good time." (Doc. 1, p. 2). By a Memorandum Opinion and Order entered November 6, 2017, the Court dismissed the petition and granted leave to amend. The Court directed Hinzo to clarify three issues:

(A) Whether he was challenging the validity of his sentence pursuant to 28 U.S.C. § 2254 or attacking its execution under 28 U.S.C. § 2241;

(B) Why Hinzo believes his good time credits were miscalculated; and

(C) The identity of Hinzo's current custodian/warden.

Such requirements are consistent with the minimum pleading standards set forth in Habeas Rule 2. That rule requires a petition to name the current warden; "specify all grounds for relief;" "state the facts supporting each ground;" and "state the relief requested." Habeas Corpus Rule 2(a) – (c).[1]

Hinzo filed an amended petition on the § 2241 form, but it did not contain the above information. The amended petition again indicates Hinzo is challenging both the validity and

---

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010. The Court, in its discretion, can also apply those rules to a § 2241 petition. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b), and holding the district court acted within its discretion by applying Section 2254 Rules to a section 2241 petition); *McFarland v. Scott*, 512 U.S. 849, 114 (1994) (citing Rule 4, and noting courts are authorized to summarily dismiss any habeas petition that appears legally insufficient on its face).

2

execution of his sentence. New Mexico warden German Franco is named as the Respondent, while the petition indicates Hinzo is incarcerated in South Dakota. The amended petition also fails to explain the circumstances surrounded the denial or revocation of good time credits. Hinzo attempts to provide additional explanation in his motion for summary disposition (Doc. 9). He notes he has been transferred back to New Mexico, and appears to waive any challenge under § 2254. Even if the Court were to liberally construe the motion as another amendment to the habeas petition, Hinzo still fails to identify his current custodian. He also fails to sufficiently explain why he believes his former custodian (German Franco) improperly revoked good time credits, or how any alleged reordering of his consecutive sentences impacted those credits. Without this information, the Court cannot order an answer to the petition. *See United States v. Harris*, 579 Fed. App'x 657, 661–62 (10th Cir. 2014) (District courts are not required to "coble together" related documents in a habeas proceeding "with the aim of weaving together a substantive argument for relief").

Based on the foregoing, the Court will dismiss the amended petition (Doc. 4) without prejudice and deny the motions seeking expedited or summary relief (Docs. 7, 9, and 11). Hinzo may refile his claims, as "Section 2241 does not limit the number of applications a prisoner may bring." *Kirkland v. English,* 2018 WL 6266132,*2 (10th Cir. Nov. 30, 2018) (citing 28 U.S.C. § 2241)). If Hinzo does file a new petition, he is again warned that he must include the name of his <u>current</u> <u>warden</u> as the party respondent. The fact that German Franco revoked the credits is irrelevant; the only person who can remedy the alleged violation is the current warden. *See Rumsfeld v. Padilla,* 452 U.S. 426, 442–43 (2004); Habeas Corpus Rule 2(a). Further, to the extent Hinzo is having trouble articulating his argument, it may be helpful

to attach any underlying state court documents to a new petition.

It is **ORDERED** that Hinzo's application to proceed *in forma pauperis* (Doc. 5) is **GRANTED**.

It is **FURTHER ORDERED** that Hinzo's remaining motions for expedited or summary relief (Docs. 7, 9, and 11) are **DENIED**.

It is **FINALLY ORDERED** that Hinzo's Amended Petition for Habeas Corpus (Doc. 4) is **DISMISSED WITHOUT PREJUDICE**.

_____
CHIEF UNITED STATES DISTRICT JUDGE